IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN R. SANDERS, No. K-96705,

    Petitioner,

vs.

No. 11-cv-683-DRH

DAVID A. REDNOUR,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. In this action, petitioner challenges his 2005 convictions for attempted murder and residential burglary, for which he is serving concurrent sentences of forty-five years and twenty years, respectively. Petitioner was convicted after a bench trial in the Marion County Circuit Court, Case No. 01-CF-391. Petitioner appealed his conviction to the Illinois Appellate Court, Fifth Judicial District, alleging that the evidence was insufficient to convict him, he was denied his right to testify, and that counsel was ineffective at trial and in a post-trial proceeding. Petitioner's conviction was affirmed on appeal on January 31, 2008. Petitioner then petitioned for leave to appeal to the Illinois Supreme Court, but his petition was

denied on May 29, 2008 (Doc. 1, pp. 2-3). He did not file a petition for *certiorari* with the United States Supreme Court.

Thereafter, petitioner filed a post-conviction petition with the Marion County Circuit Court on November 24, 2008, alleging insufficiency of evidence, ineffective assistance of counsel, and that his conviction was based on perjured testimony. This petition was summarily dismissed on December 15, 2008, and petitioner appealed this decision. However, the appellate court affirmed the petition's dismissal on August 26, 2010. Petitioner once again brought his claim to the Illinois Supreme Court, which denied the petition for leave to appeal on November 24, 2010. Petitioner then timely filed the current action with this Court on August 10, 2011.

In his petition currently before the Court, petitioner makes four claims for relief: (1) the evidence was insufficient to convict him; (2) trial counsel was ineffective in that he failed to call certain witnesses or adequately investigate the case; (3) post-trial counsel was ineffective for failing to call certain witnesses or impeach trial counsel; (4) his conviction was based on perjured testimony. Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, the Court shall order a response.

## **Pending Motions**

Along with his petition, petitioner submitted a motion for leave to proceed ex parte (Doc. 5), in which he seeks the appointment of counsel for the purpose of obtaining a ballistics expert. He also filed a motion for evidentiary hearing (Doc. 6).

As to the motion seeking appointment of counsel (Doc. 5), although civil

litigants do not have a constitutional or statutory right to counsel, District Courts enjoy the discretion under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. This discretion is governed by the standard utilized in other civil cases, which was articulated in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007): "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [petitioner] appear competent to litigate it himself [.]"

With regard to the first step of the inquiry, there is no indication whether petitioner has attempted to obtain counsel on his own, or has been effectively precluded from doing so. Because petitioner has not made this showing, the Court finds that petitioner has not made a reasonable attempt to find counsel. Therefore, petitioner's motion (Doc. 5) for the appointment of counsel is **DENIED** without prejudice.

At this point in these proceedings, the Court has not determined whether an evidentiary hearing is warranted, and shall not do so until Respondent files a response to the petition. Accordingly, the motion for evidentiary hearing (Doc. 6) is **DENIED** without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause

why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

Signed this 18th day of January, 2012.

David R. Herndon
2012.01.18
11:10:15 -06'00'

**Chief Judge**
**United States District Court**