IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN SANDERS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-683-DRH-RJD |
| JACQUELINE LASHBROOK, | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Petitioner Steven Sanders filed this *habeas* case pursuant to 28 U.S.C. § 2254 in August 2011. Petitioner claims that his trial counsel was ineffective for: (1) failing to call a forensic or medical expert witness, (2) failing to call police officers to testify, and (3) failing to adequately investigate the case. This matter is before the Court on two motions: Petitioner's motion for an evidentiary hearing (Doc. 77), and his motion for appointment of counsel (Doc. 75). For the reasons below, both motions are **DENIED**.

**1. Evidentiary Hearing**

In a § 2254 case where the issue is whether a state court contradicted the Supreme Court or resolved an issue unreasonably, a petitioner is not entitled to an evidentiary hearing. *Bland v. Hardy*, 672 F.3d 445, 450 (7th Cir. 2012). Review proceeds on the evidentiary record compiled in state court. *Id.* (citing *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011)).

The Illinois Court of Appeals concluded that trial counsel was not ineffective. Having closely examined the record before it, the Court concludes Petitioner's claims concerning the

constitutionality of the Illinois courts' application of Illinois law, do not warrant an evidentiary hearing. Petitioner's motion for an evidentiary hearing (Doc. 77) is therefore **DENIED**.

    2. **Appointment of Counsel**

Prisoners do not have the right to counsel on collateral review. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). But a magistrate judge has broad discretion to appoint counsel in appropriate cases. See 18 U.S.C. § 3006A(a)(2)(B). The standard governing that discretion has two prongs: (1) has the petitioner made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the petitioner appear competent to litigate it himself. *Pruitt*, 503 F.3d at 654.

Here, the Court has reviewed Petitioner's pleadings, and again finds that he demonstrates an ability to communicate clearly and effectively and an understanding of the law and the facts of his case. Petitioner's motion for appointment of counsel (Doc. 75) is therefore **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 14, 2018**

                                                 *s/ Reona J. Daly*
                                                 **Hon. Reona J. Daly**
                                                 **United States Magistrate Judge**